# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **JOHN A. DEEP,** | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 07-53-P-H** |
| | ) | |
| **DAVID BOIES,** ET AL., | ) | |
| | ) | |
| DEFENDANTS | ) | |

## INJUNCTION, SANCTIONS AND ORDER ON MOTION TO DISMISS

On October 2, 2006, I dismissed John A. Deep's complaint in a case that named more than 30 defendants, including David Boies, Esq.; Boies, Schiller & Flexner, LLP; and Straus & Boies, LLP ("the Lawyers"); and Trans World Entertainment Corp. ("Trans World"). In re Compact Disc Minimum Advertised Price Antitrust Litig., 465 F. Supp.2d 131 (D. Me. 2006). I explicitly referred to Deep's "repetitive filings, . . . their prolixity, . . . [and] the difficulty in measuring his wide-ranging allegations against known rules of law." Id. at 164. In my order of dismissal, I "put Deep on notice that filing restrictions 'may be in the offing' in this District," thus providing him the "cautionary order" of Cok v. Family Court of R.I., 985 F.2d 32, 35 (1st Cir. 1993). I warned him that "[g]roundless and inappropriate filings will not be tolerated." Id.

Now, on March 30, 2007, Deep has filed essentially the same lawsuit once again.  The defendants are the Lawyers, Trans World, and "XYZ Company Nos. 1-99."  His 94-page, 360-numbered-paragraph complaint has one significant addition since the last one: now it seeks declaratory relief from this federal court that state law claims pending in New York state court are not barred by my Order of October 2, 2006.  Compl. ¶¶ 3, 360 (Docket Item 1).

Upon the motion of all named parties, the Complaint is **DISMISSED** for lack of subject matter jurisdiction.[1]

### (A)    *Subject Matter Jurisdiction*

Simply put, there is no federal subject matter jurisdiction for me to do what Deep requests, *i.e.*, tell the New York court what effect my Order has on the state claims pending there.  What Deep has left is state claims.  Deep admits as much in his response, but says: "the state law claims themselves raise important federal questions."  Pl. John Deep's Mot. for Stay of Proceedings, or, in the Alternative, Opp'n to Lawyers' Mot. to Dismiss ("Pl.'s Opp'n") at 3 (Docket Item 15).  Whatever that may mean, it does not provide federal question jurisdiction under 28 U.S.C. § 1331.

---

[1] Unnamed defendants (XYZ Company Nos. 1-99) have not been served.  Obviously, therefore, they have not filed a motion.  But that is irrelevant since subject matter jurisdiction is missing.  <u>See Mitchell v. Maurer</u>, 293 U.S. 237, 244 (1934) ("Unlike an objection to venue, lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties.  A[] . . . federal court must satisfy itself . . . of its own jurisdiction").

Seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, also does not furnish federal jurisdiction for these state claims: the Declaratory Judgment Act "neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief." Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (citing Muirhead v. Mecham, 427 F.3d 14, 17 n.1 (1st Cir. 2005). Moreover, it is not for me to tell the New York court what *res judicata* effect my Order of October 2, 2006, may have.[2]

Because there is no independent ground for federal jurisdiction, there can be no supplemental jurisdiction under 28 U.S.C. § 1367(a) to entertain Deep's state law claims. Pejepscot Indus. Park v. Me. Cent. R.R. Co., 59 F. Supp.2d 109, 115 (D. Me. 1999) ("The court may not . . . exercise supplemental jurisdiction if there is no proper basis for federal subject matter jurisdiction.") (vacated on other grounds, 215 F.3d 195 (1st Cir. 2000)).

**(B)    Injunction**

This new complaint is a direct violation of my earlier Order.  I warned Deep that I would issue an injunction against him if he continued his frivolous filings. 456 F. Supp.2d at 164.  I noted that Deep had filed "seven (7) separate actions in four different courts alleging essentially the same allegations."  Id.  He has now

---

[2] 28 U.S.C. § 2201 applies only to "a case of actual controversy within [this] jurisdiction." Rendering an opinion on the effect of my order on a proceeding before a New York state court would be an impermissible advisory opinion.  Brown & Root Braum, Inc. v. Bogan, 54 Fed. Appx. 542, 552 (3d Cir. 2002) (unpublished) ("The effect of our ruling . . . on the doctrine of *res judicata* . . . in another court is a matter beyond our power to declare.  Any holding about the *res (continued on next page)*

filed another nearly identical complaint in this court.  It is apparent that the only way to stop Deep's persistent abuse of the judicial process is through an injunction.  I therefore now **ENJOIN** him from further filings without prior leave of court.

*(C)*     *Sanctions*

Finally, I **GRANT IN PART** the defendants' motions for sanctions under Rule 11.  The Lawyers and Trans World each offered Deep Rule 11(c)(1)(A)'s safe harbor of withdrawing his newest frivolous complaint, but he failed to do so.

Accordingly:

(1)     I **ORDER** that Deep pay the reasonable attorney fees incurred by the Lawyers and Transworld in defending against this latest lawsuit.

(2)     Deep's Complaint is **DISMISSED**.

(3)     John A. Deep is hereby **ENJOINED** from making further filings, without prior leave of Court, concerning any issues arising out of the operative facts and circumstances that form the basis for both the instant (Case N0. 07-CV-00053) and prior (Case Nos. 05-CV-118, 05-CV-149) lawsuits addressed to this court, which are broadly summarized in this Court's October 2, 2006 Order, 356 F. Supp.2d at 131-140.  The Clerk of this Court is directed to refuse to receive, file, or docket, without a prior order of this Court, any such paper submitted by or on

---

*judicata* effect of this ruling in another court would be an impermissible advisory opinion.").

behalf of John A. Deep (other than a timely notice of appeal from this Order to the United States Court of Appeals for the First Circuit).

If John A. Deep is a registered filing user of the Court's Internet-based Electronic Case Files (ECF) system, the Clerk's Office shall terminate his ECF registration immediately.  This action will prohibit John A. Deep from using the Court's ECF system to file documents in any of this Court's case files and he will no longer receive electronic transmission (NEF) of any filing in any of this Court's cases.  If John A. Deep wishes to appeal this Order, he shall file a paper notice of appeal with the Clerk's Office of this Court within the time allowed by the Federal Rules of Appellate Procedure.

(4)    The United States Marshal is directed to serve an attested copy of this Order upon John A. Deep personally immediately.

**SO ORDERED.**

**DATED THIS 26TH DAY OF JUNE, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**